Harry J. QUALLS, Appellant,

v.

CITY OF ANCHORAGE, Appellee.

No. 232.

Supreme Court of Alaska.

Feb. 6, 1963.

James K. Tallman and Francis J. Nosek, Jr., of Bell, Sanders & Tallman, Anchorage, for appellant.

Harland W. Davis and Burton C. Biss, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

Appellant was tried and convicted in the magistrate court on charges of failure to restrain his dog and of failure to restrain a vicious dog in a secure enclosure, both offenses being violations of ordinances of the city of Anchorage.

Appeal was taken to the Superior Court of the Third District, at Anchorage. After a trial de novo that court affirmed the judgment of the magistrate and appeal was taken to this court.

Three points are raised, namely, that the evidence was insufficient to support the judgment of conviction on each charge; that the court erred in not requiring an interpreter for a witness who spoke broken English and that the burden of proof on the city required that it prove the ordinance violations beyond a reasonable doubt.

*Sufficiency of the Evidence.*

In his brief appellant stresses that it was incumbent on the city to prove that the dog was actually loose on the date alleged in the charges. He then reviews the testimony of witnesses who appeared at the trial on behalf of appellant and argues that the weight of the evidence is against the court's finding that the dog was loose. Appellant also stresses that it was incumbent on the city to prove that the dog was "vicious" within the meaning of the ordinance definition [1] before the charge of fail-

---

1. Section 6-6(f), Anchorage Code of Ordinances, defines a vicious dog as "Any dog which when unprovoked has ever bitten or attacked a human being shall be deemed vicious."

ure to restrain a vicious dog in a secure enclosure could be sustained.

We have reviewed the entire transcript of the testimony of the sixteen witnesses called. The best that can be said for appellant's case is that the testimony was conflicting. As to the vicious nature of the dog, two lads testified that they had been bitten in the alley near appellant's home in October of 1960 and in January of 1961. Both were given medical treatment. The father of one of the boys immediately notified appellant's wife of the fact that his son had been bitten by appellant's dog. On the question of whether the dog was loose on the date of the alleged offenses, October 24, 1961, the complaining witness gave lucid testimony to the effect that it was loose on the street in front of appellant's home on that date and bit her on the leg.

We shall not in this opinion review all of the testimony on these points. We are satisfied that the trial judge had substantial evidence upon which to base his findings even though it may have been conflicting in some respects.[2]

*The Need for an Interpreter.*

 Appellant contends that the testimony of Mrs. Mak Jum Nevada, the complaining witness, was incomprehensible and the judgment should be reversed for error committed by the trial judge in not requiring an interpreter. Appellant has not briefed the point to any extent.

We hold that no error was committed. No request was made by appellant that an interpreter be provided nor did he object to the testimony. That Mrs. Nevada, a Korean of three years' residence in the United States, spoke broken English is evident from the transcript. Yet it is also quite evident from the transcript, prepared from the magnetic tape recording of the trial proceedings, that she understood the questions and gave intelligent responsive answers.

*Burden of Proof.*

 Appellant devotes a considerable portion of his brief to the proposition that the charges herein were criminal in nature which required that they be proven beyond a reasonable doubt. Appellee concedes this point. There is no allegation in appellant's brief, nor is there anything in the record that would lead us to believe that the trial judge required any lesser degree of proof. There being no issue, there is nothing for this court to decide.

Judgment affirmed.

---

2. Hanrahan v. City of Anchorage, Opinion No. 121, 377 P.2d 381 (Alaska 1962).